IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TONY A. GOODMAN, )
 )
    Plaintiff, )
 )
v. ) CV 312-015
 )
BRIAN OWENS, et al., )
 )
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate incarcerated at Johnson State Prison in Wrightsville, Georgia when this action commenced, filed the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On April 20, 2012, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full.[1] 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Doc. no. 3, p. 4.) Plaintiff failed to respond.

Moreover, Plaintiff's service copy of the April 20, 2012 Order was returned as

---

[1] In the Order granting Plaintiff's request to proceed IFP, the Court explained that it was aware that Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g) and could therefore proceed only with claims alleging that he was in "imminent danger of serious physical injury" at the time he filed the case. (Doc. no. 3, p. 3 n.2 (citing Butler v. Donald, CV 105-1874-CAM, doc. no. 14 (N.D. Ga. July 14, 2006)).) However, because the allegations in Plaintiff's complaint raised the issue of whether Plaintiff was in imminent danger at the time he filed his complaint, the Court granted his request to proceed IFP and explained that it would revisit the issue of Plaintiff's IFP status if it was later determined that he was not in imminent danger. (Id.)

undeliverable, with an indication that Plaintiff had been released from Johnson State Prison. (See doc. no. 4.) Thus, in addition to failing to return the necessary IFP papers, Plaintiff has failed to notify the Court of a change of address. However, Loc. R. 11.1 provides that any attorney and *pro se* litigant has a continuing obligation to notify the Court of any change of address.[2] Plaintiff's failure to provide the Court with an address where he can be reached not only violates the Court's Local Rules, but it also has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

---

[2]Plaintiff is not new to this Court or its Local Rules. As noted above, Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g) and has filed numerous cases throughout the Southern District. See Goodman v. Graham, CV 612-008 (S.D. Ga. Jan. 17, 2012); Goodman v. Donald, CV 604-127 (S.D. Ga. Oct. 18, 2004); Goodman v. Smith, CV 604-009 (S.D. Ga. Jan. 20, 2004); Goodman v. Smith, CV 603-158 (S.D. Ga. Dec. 22, 2003).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also to an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[4] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of May, 2012, at Augusta, Georgia.

*/s/ W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3